GotchaIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAMON RENARD MCGEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-2928-M |
| | ) | |
| DALLAS POLICE DEPT., ET AL., | ) | |
| Defendants. | ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.    Background**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se*, and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the Dallas Police Department, Dallas Sheriff's Department, defense attorney Linda Chain, Dallas County Jail Officer Hendricks, and Dallas Police Officer Smith. The Court has not issued process pending judicial screening.

Plaintiff states that on January 20, 2016, he was driving his car and was pulled over by Officer Smith for speeding. He states he was cited for speeding, his car was towed, and Officer Smith confiscated incense found in his car. He states he believes he was racially profiled.

Plaintiff states defense attorney Linda Chain represented him in a misdemeanor case. He

alleges she pressured him to accept an offer of probation, and that she set him up to be arrested when he appeared in court.

Plaintiff states when he learned he was going to be arrested, he collapsed in court and the Dallas County Sheriff's Department forcibly placed him in a wheelchair. He states they bullied him and rough-housed him "a little" at intake. He also states they used excessive force to take his mug shot by pulling his hair and bending his wrist.

Plaintiff states Sheriff's Department Officer Hendricks was in the room where Plaintiff was taken to change into jail clothes. Plaintiff states that while his hands were cuffed behind his back, Officer Hendricks pulled his cuffed hands "as far as he could to the back of my head." (Magistrate Judge's Questionnaire Answers at 6.) Plaintiff states this caused so much pain that he felt he would pass out or that he might die.

Plaintiff also complains of a separate incident that occurred on May 7, 2013. He states he was arrested a Dart station for a crime he did not commit, and that his arrest and incarceration was due to racial profiling. He seeks money damages.

## II. Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III. Discussion

#### 1. Statute of Limitations

Plaintiff claims he was wrongfully arrested and put in jail on May 7, 2013, due to racial profiling. This claim is barred by the statute of limitations.

A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Plaintiff states this incidence occurred on May 7, 2013. He did not raise this claim until February 6, 2017. He has also stated no basis for equitable tolling of the limitations period. Plaintiff's claim is therefore barred by the two-year statute of limitations.

#### 2. Defense Attorney Linda Chain

Plaintiff claims his defense attorney, Linda Chain, pressured him to accept a plea agreement and set him up to be arrested when he appeared in court.

Defense attorneys, however, are not "state actors" and cannot be sued under 42 U.S.C. §

1983. *See Mills v. Criminal Dist. Court. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Eaves v. Texas*, 427 Fed. Appx. 378, 379 (5th Cir. 2011). Plaintiff's claims against Defendant Linda Chain should be summarily dismissed.

3. **Non-Jural Entities**

Plaintiff names the Dallas County Sheriff's Department and the Dallas Police Department as Defendants. These Defendants are non-jural entities and cannot be sued under § 1983. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (city police department). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Prenosil v. Dallas County Jail*, No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same). These Defendants should therefore be dismissed.

4. **Dallas Police Officer Smith**

Plaintiff claims Officer Smith racially profiled him when she pulled him over for speeding, towed his car, and confiscated incense from the car.

To state a claim of racial profiling under the Equal Protection Clause and § 1983, a

plaintiff must allege he was treated differently than similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 227 (5th Cir. 2012). Plaintiff's complaint, and his answers to the Magistrate Judge's Questionnaire, do not contain any allegations that Plaintiff was treated differently than similarly situated non-African-Americans. Instead, he claims the officers who pulled him over either "didn't want to see" him in the car, or they wanted to take his car for a joy ride. (Magistrate Judge's Questionnaire Answers at 8.) Plaintiff's claims against Defendant Smith should be dismissed.

**5.    Sheriff's Department Officer Hendricks**

Plaintiff states that while his hands were cuffed behind his back, Officer Hendricks pulled his cuffed hands "as far as he could to the back of my head." (Magistrate Judge's Questionnaire Answers at 6.) Plaintiff states this caused so much pain that he felt he would pass out or that he might die.

A prisoner's excessive force claim is analyzed under the Eighth Amendment. The question is whether the force was used in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). There is no longer a requirement that a prisoner show significant injury, instead the court is "to decide excessive force claims based on the nature of the force rather than the extent of the injury." *Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010). Further, "a 'significant injury' is not a threshold requirement for establishing an excessive force claim. However, the lack of substantial injury can be relevant to whether excessive force was used . . . ." *Schneider v. Kaelin*, 569 Fed. Appx. 277, 279 (2014) (citations omitted).

Taking Plaintiff's claims as true, the Court is unable to determine that this claim is frivolous. The Court finds that Plaintiff's claims against Defendant Officer Hendricks should proceed and process should be issued as to this Defendant.

## IV. Recommendation

The Court recommends that: (1) Plaintiff's claims against Defendant Officer Hendricks should proceed and process should be issued as to this Defendant; and (2) Plaintiff's remaining claims should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2).

Signed this 16 day of February, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).