UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KAMON RENARD McGEE, | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | No. 3:16-CV-2928-M-BF |
| OFFICER HENDRICKS | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the District Court has referred this case to the United States Magistrate Judge for pretrial management. *See* New Case Notes, ECF No. 1. For the following reasons, the undersigned recommends that the District Court dismiss this action without prejudice for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)").

### Background

Kamon Renard McGee ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983 against numerous defendants. R. & R. 1, ECF No. 12. All claims against other defendants were dismissed by the undersigned, leaving the claims against Officer Hendricks. *Id.* at 4–6. On April 13, 2017, the undersigned ordered for Plaintiff to file a written response identifying Defendant Officer Hendricks' first name or badge number by May 13, 2017. Order 1, ECF No. 17. Plaintiff did not respond. *See* Docket. On July 7, 2017, the undersigned issued an order requiring Plaintiff to file a response and show cause why his suit should not be dismissed for failure to prosecute. Order 1, ECF No. 18. To this date, Plaintiff has failed to file a response or otherwise contact the Court. *See* Docket.

## Analysis

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x. 383, 383–84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, "[s]everal" of the following four factors must be present before a district court may dismiss an action with prejudice based on a litigant's refusal to follow a court order:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the [Court's] order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. Am. Airlines*, 283 F. App'x. 289, 291 (5th Cir. 2008) (per curiam) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); other citations omitted); *see also Clewis v. Medco*

*Health Solutions, Inc.*, No. 3:12-CV-5208-L, 2014 WL 840026, at *6 (N.D. Tex. Mar. 4, 2014) (distinguishing *Berry* – in which the Fifth Circuit stated, "Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion." 975 F.2d at 1191 n.6 (citations omitted) – because "[i]n *Berry*, the plaintiff's conduct was merely negligent, and he had not been warned by the court prior to dismissal," whereas Clewis's conduct was "intentional and willing").

By failing to respond to the undersigned's show cause order, Plaintiff has prevented this action from proceeding, and, therefore, he has failed to prosecute this lawsuit and obey the undersigned's order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends the District Court dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Plaintiffs contact the Court, the district court should refer the case back to the undersigned for further review.

**SO RECOMMENDED**, this _15_ day of September, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).